Ned B. Ng, SBN: 282270
Jonathan Durham, SBN: 278227
Law Offices of Durham & Ng
4600 Northgate Blvd., Suite 145
Sacramento, California, 95834
Phone: (888) 648-4888

Attorneys for Plaintiffs
MINGQUAN LIN, BAOJUN HE, BING HE, MENGYUN TANG, and XUEYAN XU

Allison C. Lafferty, SBN: 204252
Kroloff, Belcher, Smart, Perry, & Christopherson
7540 Shoreline Dr.
Stockton, CA 95219
Phone: (209) 478-2000

Attorneys for Defendants
UNITED VENTURE REGIONAL CENTER LLC, BREVIA INN
AND RESTAURANT, LLC, JOE WU, and GLORIA MEI WU

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINGQUAN LIN, BAOJUN HE, BING HE, MENGYUN TANG, and XUEYAN XU,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED VENTURE REGIONAL CENTER LLC, BREVIA INN AND RESTAURANT, LLC, JOE WU, and GLORIA MEI WU,<br><br>Defendants. | Case No.: 5:18-CV-03927-NC<br><br>**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE; ORDER**<br><br>Action Filed:   June 29, 2018<br>Trial Date:      Not set |

TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:

Plaintiffs MINGQUAN LIN, BAOJUN HE, BING HE, MENGYUN TANG, and XUEYAN XU ("Plaintiffs"), and Defendants UNITED VENTURE REGIONAL CENTER LLC, BREVIA INN

-1-

AND RESTAURANT, LLC, JOE WU, and GLORIA MEI WU ("Defendants") (collectively the "Parties") hereby jointly move the Court for entry of an order confirming the terms of a Settlement Agreement reached between the parties and dismissing the case with prejudice. The parties further seek an order by the Court retaining jurisdiction of the case to enforce the terms of the settlement agreement, if a dispute arises. See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); <u>In re Valdez Fisheries Dev. Ass'n, Inc.</u>, 439 F.3d 545 (9th Cir. 2006).

This motion is made pursuant to the Federal Rules of Civil Procedure, rule 41, subsections (a)(1)(ii) and (a)(2), and Local Rules 7-1 and 7-12. The motion is further based on this Joint Motion of the parties, the attached Proposed Order, the Settlement Agreement signed by all parties attached to this Motion as Exhibit 1, and any other documents the Court may deem necessary to enforcement of the Settlement Agreement.

The Parties hereby stipulate to the following terms of the Settlement Agreement reached between them:

1. The Parties have agreed to list and sell the property located at 1625 French Camp Turnpike, Stockton, California ("Property") and agree to sell the Property according to the following terms:

    a. Within 60 days of execution of the Court's Order, Defendants will submit to Lei Chen, on behalf of Plaintiffs, proposals from at least three different licensed Real Estate brokers to market and list the Property and business for sale. From these three proposals, the Parties will, within 10 days, jointly consent to retention of one of the proposals and retain that broker to list and market the Property.

    b. Unless otherwise agreed to in a writing signed by all Parties, the Property will be listed for an amount to be determined by consent of all Parties, however, at the time of the initial listing the listing price shall not be less than $4,700,000.00 ("Minimum Listing Price"). The Parties shall accept any qualified offer that will result in Net Sales Proceeds of at least $4,000,000.00. "Net Sales Proceeds" are defined as the net

- 2 -

JOINT STIPULATION FOR OF DISMISSAL WITH PREJUDICE; ORDER

proceeds to be distributed after payment of the management fee provided in Section 4 below, the Reserve provided for in Section 5 below; any Broker's Commissions, liens, taxes or other closing costs.

    c. Unless otherwise agreed to in a writing signed by all Parties, if after listing and actively marketing the Property for at least 3 months, there have been no offers received that will result in Net Sales Proceeds of at least $4,000,000.00, then the Minimum Listing Price shall be reduced by an amount agreed to between Joe Wu and Lei Chen of at least 2% per month until a qualified offer is received. The parties agree that they shall not accept an offer that would result in Net Sales Proceeds of less than $3,750,000, unless otherwise agreed in writing.

    d. The Parties agree to jointly make all decisions concerning the marketing and sale of the Property.

    e. The Parties agree to timely review each offer received from the broker and to respond within five (5) business days to any offer submitted.

2. The Parties have agreed to distribute the funds from the sale of the Property as follows:

    a. For any sale where the Net Sales Proceeds will be at least $3,750,000 the distribution of proceeds shall be as follows:

        i. Plaintiffs shall receive $2,500,000, a return of their capital contribution.

        ii. United Ventures Regional Center, LLC shall receive $1,217,517.31, a return of its capital investment.

        iii. Any Net Sales Proceeds available from the sale of the Property available for distribution in excess of $3,750,000 ("Excess") shall be distributed as follows:

            1. Plaintiffs shall receive 50% of the Excess;

            2. United Ventures Regional Center, LLC shall receive 50-% of the Excess.

JOINT STIPULATION FOR OF DISMISSAL WITH PREJUDICE; ORDER

    b. If, after marketing the Property pursuant to Section 1(c). above, the Net Sales Proceeds are less than $3,750,000, then the Net Sales Proceeds shall be divided as follows:

        i. Plaintiff's shall receive 70% of the Net Sales Proceeds.

        ii. United Ventures Regional Center, LLC shall receive 30% of the Net Sales Proceeds.

3. The Parties agree that United Ventures Regional Center, LLC shall receive a management fee of 8% of gross sales for 2020, calculated as of the date of close of escrow. This amount is to be paid to United Ventures Regional Center, LLC at the time of the Sale and shall be deducted before any determination of Net Sales Proceeds.

4. The Parties agree to withhold and a reserve $50,000 from the sale of the Property. The Reserve shall be held in an account in the name of Brevia Inn and Restaurant LLC. This Reserve shall be held for one year following the sale of the Property and shall be used to cover expenses incurred by either Brevia Inn and Restaurant LLC or BRCA Stockton, LP related to the sale of the Property, including but not limited to federal, state or local taxes, CPA fees or attorney fees related to or resulting from the sale or dissolution of BRCA Stockton, LP. If, after one year from the sale of the Property any of the Reserve remains unused, it shall be distributed pursuant to the provision for distribution of the Excess in Section 2(A)(iii) above.

5. The Parties agree that at or before distribution of the Net Sales Proceeds, provided in Section 2 above, they shall take all steps necessary to dissolve BRCA Stockton, LP, including execution of any documents requested for dissolution.

6. Because the Plaintiffs all live in China, Lei Chen of PE Technologies, Inc., shall act as the representative of Plaintiffs in the decisions to be made pursuant to Section 1 and Section 2 of this Stipulation. Agreement or acceptance signed by Lei Chen, constitutes agreement to or acceptance by all the Plaintiffs collectively. The final distribution of any funds due

Plaintiffs shall be paid to The Law Offices of Durham & Ng Client Trust account for disbursement to Plaintiffs.

7. Defendants agree not encumber or clause any liens to be record against the Property. If Defendants cause a lien or encumbrance to be recorded against the Property, Defendants, will at no cost to Plaintiffs, cause the lien or encumbrance to be removed prior to sale of the Property.

8. Plaintiffs shall record a Release of the Lis Pendens recorded against the Property.

9. The Parties hereby expressly agree and stipulate that the Federal Court Magistrate shall retain jurisdiction over this matter pursuant to provisions of the Federal Rules of Civil Procedure.

10. The Parties agree that they will not make any negative, disparaging, defamatory or libelous statements to any third parties regarding any of the other Parties. The foregoing does not apply to statutorily privileged statements made to governmental or law enforcement agencies or pursuant to court order.

Dated: May 5, 2020

Respectfully submitted,

\_\_\_/s/ Ned B. Ng_____
Ned B. Ng
Law Offices of Durham and Ng

Attorneys for Plaintiffs
MINGQUAN LIN, BAOJUN HE, BING HE, MENGYUN TANG, and XUEYAN XU

\_\_\_/s/ Allison Cherry Lafferty_____
Allison C. Lafferty
Kroloff, Belcher, Smart, Perry, & Christopherson

Attorneys for Defendants
UNITED VENTURE REGIONAL CENTER LLC, BREVIA INN AND RESTAURANT, LLC, JOE WU, and GLORIA MEI WU

## ORDER

THIS MATTER having come before the Court on the Joint Stipulation to Dismiss With Prejudice, submitted by all Plaintiffs and Defendants ("the Parties"), and upon consideration thereof and for good cause shown,

IT IS HEREBY ORDERED that the Parties' Joint Stipulation and Motion to Dismiss With Prejudice is GRANTED. The Court orders that all claims shall be dismissed, with prejudice, with each party to bear its own attorneys' fees, expenses, and costs.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and Joint Stipulation as follows:

11. The Parties have agreed to list and sell the property located at 1625 French Camp Turnpike, Stockton, California ("Property") and agree to sell the Property according to the following terms:

    a. Within 60 days of execution of the Court's Order, Defendants will submit to Lei Chen, on behalf of Plaintiffs, proposals from at least three different licensed Real Estate brokers to market and list the Property and business for sale. From these three proposals, the Parties will, within 10 days, jointly consent to retention of one of the proposals and retain that broker to list and market the Property.

    b. Unless otherwise agreed to in a writing signed by all Parties, the Property will be listed for an amount to be determined by consent of all Parties, however, at the time of the initial listing the listing price shall not be less than $4,700,000.00 ("Minimum Listing Price"). The Parties shall accept any qualified offer that will result in Net Sales Proceeds of at least $4,000,000.00. "Net Sales Proceeds" are defined as the net proceeds to be distributed after payment of the management fee provided in Section 4 below, the Reserve provided for in Section 5 below; any Broker's Commissions, liens, taxes or other closing costs.

    c. Unless otherwise agreed to in a writing signed by all Parties, if after listing and actively marketing the Property for at least 3 months, there have been no offers received that

will result in Net Sales Proceeds of at least $4,000,000.00, then the Minimum Listing Price shall be reduced by an amount agreed to between Joe Wu and Lei Chen of at least 2% per month until a qualified offer is received. The parties agree that they shall not accept an offer that would result in Net Sales Proceeds of less than $3,750,000, unless otherwise agreed in writing.

    d. The Parties agree to jointly make all decisions concerning the marketing and sale of the Property.

    e. The Parties agree to timely review each offer received from the broker and to respond within five (5) business days to any offer submitted.

12. The Parties have agreed to distribute the funds from the sale of the Property as follows:

    a. For any sale where the Net Sales Proceeds will be at least $3,750,000 the distribution of proceeds shall be as follows:

        i. Plaintiffs shall receive $2,500,000, a return of their capital contribution.

        ii. United Ventures Regional Center, LLC shall receive $1,217,517.31, a return of its capital investment.

        iii. Any Net Sales Proceeds available from the sale of the Property available for distribution in excess of $3,750,000 ("Excess") shall be distributed as follows:

            1. Plaintiffs shall receive 50% of the Excess;

            2. United Ventures Regional Center, LLC shall receive 50-% of the Excess.

    b. If, after marketing the Property pursuant to Section 1(c). above, the Net Sales Proceeds are less than $3,750,000, then the Net Sales Proceeds shall be divided as follows:

        i. Plaintiff's shall receive 70% of the Net Sales Proceeds.

        ii. United Ventures Regional Center, LLC shall receive 30% of the Net Sales Proceeds.

13. The Parties agree that United Ventures Regional Center, LLC shall receive a management fee of 8% of gross sales for 2020, calculated as of the date of close of escrow. This amount is to be paid to United Ventures Regional Center, LLC at the time of the Sale and shall be deducted before any determination of Net Sales Proceeds.

14. The Parties agree to withhold and a reserve $50,000 from the sale of the Property. The Reserve shall be held in an account in the name of Brevia Inn and Restaurant LLC. This Reserve shall be held for one year following the sale of the Property and shall be used to cover expenses incurred by either Brevia Inn and Restaurant LLC or BRCA Stockton, LP related to the sale of the Property, including but not limited to federal, state or local taxes, CPA fees or attorney fees related to or resulting from the sale or dissolution of BRCA Stockton, LP. If, after one year from the sale of the Property any of the Reserve remains unused, it shall be distributed pursuant to the provision for distribution of the Excess in Section 2(A)(iii) above.

15. The Parties agree that at or before distribution of the Net Sales Proceeds, provided in Section 2 above, they shall take all steps necessary to dissolve BRCA Stockton, LP, including execution of any documents requested for dissolution.

16. Because the Plaintiffs all live in China, Lei Chen of PE Technologies, Inc., shall act as the representative of Plaintiffs in the decisions to be made pursuant to Section 1 and Section 2 of this Stipulation. Agreement or acceptance signed by Lei Chen, constitutes agreement to or acceptance by all the Plaintiffs collectively. The final distribution of any funds due Plaintiffs shall be paid to The Law Offices of Durham & Ng Client Trust account for disbursement to Plaintiffs.

17. Defendants agree not encumber or clause any liens to be record against the Property. If Defendants cause a lien or encumbrance to be recorded against the Property, Defendants, will at no cost to Plaintiffs, cause the lien or encumbrance to be removed prior to sale of the Property.

18. Plaintiffs shall record a Release of the Lis Pendens recorded against the Property.

19. The Parties hereby expressly agree and stipulate that the Federal Court Magistrate shall retain jurisdiction over this matter pursuant to provisions of the Federal Rules of Civil Procedure.

20. The Parties agree that they will not make any negative, disparaging, defamatory or libelous statements to any third parties regarding any of the other Parties. The foregoing does not apply to statutorily privileged statements made to governmental or law enforcement agencies or pursuant to court order.

ENTERED this __6th__ day of ____May____, 2020.

_____
United S



EXHIBIT #1

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE ("Agreement") is made by and among Mingquan Lin, Baojun He, Bing He, Mengyun Tang, Xueyan Xu, and their successors, assigns, beneficiaries, and heirs (collectively referred to herein as "Plaintiffs"); and United Venture Regional Center, LLC, Brevia Inn and Restaurant, LLC, Joe Wu and Gloria Mei Wu and their successors, assigns, beneficiaries, and heirs (collectively referred to herein as "Defendants"). Plaintiffs and Defendants shall be collectively referred to herein as the "Parties."

### RECITALS

A.  In late 2011, Defendant Joe Wu located a hotel and restaurant for sale in Stockton that was in need of significant repair ("Project"). The Project is located at 1625 French Camp Turnpike, Stockton, CA. ("Property")

B.  Defendant United Ventures Regional Center, LLC ("UVRC") UVRC is an approved EB-5 Regional Center, specializing in investment-based immigration services. UVRC issued a Private Offering Memorandum to potential investors for the Project.

C.  Lei Chen of PE Technologies, Inc., contacted Mr. Wu in response to the Private Offering Memorandum; he indicated that he had potential investors who were interested in the Project. The potential investors presented by Mr. Chen were the Plaintiffs.

D.  Then on April 27, 2012, Plaintiffs executed a Limited Partnership Agreement ("LPA") and became limited partners of BRCA Stockton, LP ("BRCA"). Initially, the plan was for BRCA to own the Property and for another entity, Defendant Brevia Inn and Restaurant, LLC, ("Brevia") to operate the inn and restaurant. Title to the Property was taken in the name of Brevia. A Deed of Trust was executed by Joe Wu as a Managing Member of Brevia on May 8, 2012, but was not recorded.

E.  Brevia then rehabilitated the inn and restaurant and began operating the business. Unfortunately, in the early years it was not a profitable business, the economic conditions in Stockton and the area surrounding the hotel were not thriving at the time. Mr. Wu contributed significant capital to keep the business operational. Plaintiffs made no further contributions.

F.  On June 29, 2018 Plaintiffs filed a Complaint in the Northern District of California, Case Number 5:18-CV-03927-NC, alleging Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing; Fraud, Negligent Misrepresentation, Quiet Title and Declaratory Relief ("Complaint").

G.  The Parties have reached a resolution and enter into this Settlement Agreement to document their resolution and avoid further litigation.

NOW THEREFORE, in consideration of the following and the mutual covenants and conditions hereinafter set forth, the Parties hereto agree as follows.

1. <u>Incorporation of Recitals</u>. The Recitals set forth above are incorporated into the body of this Agreement as though set forth in full.

2. <u>Sale of the Property</u>. The Parties have agreed to list and sell the Property. In order to facilitate the sale, the Parties agree to the following protocols for the listing and sale of the Property:

   a. Within 20 days of execution of this agreement, Defendants will submit to Lei Chen, on behalf of Plaintiffs, proposals from at least three different licensed Real Estate brokers to market and list the Property and business for sale. From these three proposals, the Parties will, within 10 days, jointly consent to retention of one of the proposals and retain that broker to list and market the Property.

   b. Unless otherwise agreed to in a writing signed by all Parties, the Property will be listed for an amount to be determined by consent of all Parties, however, at the time of the initial listing the listing price shall not be less than $4,700,000.00 ("Minimum Listing Price"). The Parties shall accept any qualified offer that will result in Net Sales Proceeds of at least $4,000,000.00. "Net Sales Proceeds" are defined as the net proceeds to be distributed after payment of the management fee provided in Section 4 below, the Reserve provided for in Section 5 below; any Broker's Commissions, liens, taxes or other closing costs.

   c. Unless otherwise agreed to in a writing signed by all Parties, if after listing and actively marketing the Property for at least 3 months, there have been no offers received that will result in Net Sales Proceeds of at least $4,000,000.00, then the Minimum Listing Price shall be reduced by an amount agreed to between Joe Wu and Lei Chen of at least 2% per month until a qualified offer is received. The parties agree that they shall not accept an offer that would result in Net Sales Proceeds of less than $3,750,000, unless otherwise agreed in writing.

   d. The Parties agree to jointly make all decisions concerning the marketing and sale of the Property.

   e. The Parties agree to timely review each offer received from the broker and to respond within five (5) business days to any offer submitted.

3. <u>Distribution of Proceeds</u>.

   a. For any sale where the Net Sales Proceeds will be at least $3,750,000 the distribution of proceeds shall be as follows:

      i. Plaintiffs shall receive $2,500,000, a return of their capital contribution.

      ii. UVRC shall receive $1,217,517.31, a return of its capital investment.

      iii. Any Net Sales Proceeds available from the sale of the Property available for distribution in excess of $3,750,000 ("Excess") shall be distributed as follows:

          1. Plaintiffs shall receive 50% of the Excess;

          2. UVRC shall receive 50-% of the Excess.

  b. If, after marketing the Property pursuant to Section 2.C. above, the Net Sales Proceeds are less than $$3,750,000, then the Net Sales Proceeds shall be divided as follows:

      i. Plaintiff's shall receive 70% of the Net Sales Proceeds.

      ii. UVRC shall receive 30% of the Net Sales Proceeds.

4. <u>Management Fee</u>. The Parties agree that UVRC shall receive a management fee of 8% of gross sales for 2020, calculated as of the date of close of escrow. This amount is to be paid to UVRC at the time of the Sale and shall be deducted before any determination of Net Sales Proceeds.

5. <u>Reserve</u>. The Parties agree to withhold and a reserve $50,000 from the sale of the Property. The Reserve shall be held in an account in the name of Brevia. This Reserve shall be held for one year following the sale of the Property and shall be used to cover expenses incurred by either Brevia or BRCA related to the sale of the Property, including but not limited to federal, state or local taxes, CPA fees or attorney fees related to or resulting from the sale or dissolution of BRCA. If, after one year from the sale of the Property any of the Reserve remains unused, it shall be distributed pursuant to the provision for distribution of the Excess in Section 3.A.iii. above.

6. <u>Dissolution of BRCA</u>. The Parties agree that at or before distribution of the Net Sales Proceeds, provided in Section 3 above, they shall take all steps necessary to dissolve BRCA, including execution of any documents requested for dissolution.

7. <u>Plaintiffs' Representative</u>. Because the Plaintiffs all live in China, Lei Chen of PE Technologies, Inc., shall act as the representative of Plaintiffs in the decisions to be made pursuant to Section 2 and Section 3 of this Agreement. Agreement or acceptance signed by Lei Chen, constitutes agreement to or acceptance by all the Plaintiffs collectively. The final distribution of any funds due Plaintiffs shall be paid to The Law Offices of Durham & Ng Client Trust account for disbursement to Plaintiffs.

8. <u>No Liens or Encumbrances</u>. To Defendants' knowledge, with the exception of Plaintiffs' Lis Pendens, no liens or monetary encumbrances have been recorded against the Property. After execution of this Agreement, Defendants shall not encumber or clause any liens to be record against the Property. If Defendants cause a lien or encumbrance to be recorded against the Property, Defendants, will at no cost to Plaintiffs, cause the lien or encumbrance to be removed prior to sale of the Property.

9. <u>Dismissal of Complaint and Release of Lis Pendens</u>. Once the Property is listed for sale pursuant to Section 2 above, Plaintiffs shall within ten (10) days file a fully executed Stipulation for Dismissal of the Complaint with prejudice. Plaintiffs shall, at the same time the Stipulation for Dismissal is filed, record a Release of the Lis Pendens recorded against the Property. The Parties hereby expressly agree and stipulate that the Federal Court Magistrate shall retain jurisdiction over this matter pursuant to provisions of the Federal Rules of Civil Procedure.

10. <u>Each Party to Bear Own Attorneys' Fees and Costs</u>. Except as provided in Section 19 below, each of the Parties shall bear their own attorneys' fees and costs associated with this matter.

11. <u>Release of Claims</u>. Except as set forth in Paragraph 9 below, in consideration for the obligations set forth herein, the Parties hereby release and forever discharge each other and their agents, former agents, principals, brokers, insurers, directors, officers, employees, shareholders, subsidiaries, parent companies, partners, affiliates, divisions, insurers, attorneys, predecessors, successors, assigns, beneficiaries, estates, executors, administrators, heirs, and affiliated companies, of and from any and all claims, actions, causes of action, demands, rights, claims for damages, claims for equitable or contractual indemnity, claims for contributions, costs, expenses or compensation, which the Parties had, have, or hereafter may acquire, against each other Party, whether asserted or unasserted, known or unknown, whether at law or in equity, relating to or arising out of the allegations of the Complaint ("Released Claims").

12. <u>General Release</u>. The release set forth in the preceding paragraph is a general release in connection with the allegations, complaints, claims, demands, actions, causes of action, rights, obligations, damages and/or liabilities, which are the subject of this Agreement, and/or which arise out of or relate to the Released Claims and the release is intended to encompass all known and unknown claims which any Party may have against any other Party to this Agreement. The Parties each expressly waive all rights or benefits, which they now have or in the future may have under the terms of Section 1542 of the Civil Code of the State of California, which reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties understand, acknowledge and agree that this Agreement may be pleaded as a full and complete defense to, and may be used as a basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement, and similarly may be used as a basis to set aside any judgment entered in breach of this Agreement.

13. <u>Agreement Not An Admission</u>. No provision of this Agreement shall be construed in any event as an admission of any liability of any kind by any Party hereto to any other Party, and each Party continues to deny any liability or responsibility for any alleged damages to any other Party related in any way to the Released Claims.

14. <u>No Representations Not Contained Herein</u>. Each Party acknowledges that no other Party, nor any agent or attorney of any Party, has made any promise, representation or warranty whatsoever, express or implied, not expressly contained herein, concerning the subject matter hereof so as to induce it to execute this Agreement; and each Party acknowledges that it has not executed this Agreement in reliance on any promise, representation or warranty not contained herein.

15. <u>Parties Represented By Counsel</u>. Each Party acknowledges that it has been represented in negotiations for settlement and preparation of this Agreement by counsel of its own choosing, or has had the opportunity to seek the advice of counsel, and that each of the Parties has read this Agreement and has had it fully explained to it by its own counsel, and is fully aware of its contents and of its legal effect.

16. <u>Right to Execute Agreement</u>. The Parties each warrant that they believe no other person has or had, or claims any interest in any of the claims, demands, causes of action, obligations, damages or liabilities that have been or could be asserted by them referred to herein; that they have the sole right and exclusive authority to execute this Agreement and to bind themselves and their assigns thereby; that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, causes of action, obligations, damages or liability that have been or could be asserted by them referred to herein.

17. <u>Differences of Facts</u>. Each of the Parties fully understands that if any fact with respect to any matter covered by this Agreement is found hereafter to be other than, or different from, the facts now believed by it to be true, each expressly accepts and assumes the risk of the possible differences in facts and agrees that this Agreement shall be and remain effective notwithstanding the difference in facts.

18. <u>Joint Drafting</u>. The Parties have reviewed this Agreement and agree that any rule of construction to the effect that any ambiguity in the interpretation of an agreement is to be resolved against the drafting party shall not apply. This Agreement shall be construed as if drawn and prepared by all Parties hereto jointly. Any uncertainty or ambiguity shall not be interpreted for or against any one Party.

19. <u>Law of California and Forum</u>. The Parties agree that this Agreement shall be governed by the laws of the State of California, without regard to the principals of conflict of laws. Any action to enforce this Agreement shall be brought only in the state or federal courts of California.

20. <u>Litigation to Enforce Agreement</u>. This Agreement shall be admissible for purposes of enforcing it. If any action, whether by arbitration, at law or in equity, is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and expenses, costs, collection costs, and

necessary disbursements in addition to any other relief to which that party may be entitled. This provision shall be construed as applicable to the entire Agreement.

21. **Non-Disparagement.** The Parties will not make any negative, disparaging, defamatory or libelous statements to any third parties regarding any of the other Parties. The foregoing does not apply to statutorily privileged statements made to governmental or law enforcement agencies or pursuant to court order.

22. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, whether oral or written, of the Parties. No supplement, modification, waiver, or termination of this Agreement or any provision hereof shall be binding unless executed in writing by the Parties in the same manner as this Agreement.

23. **Execution in Counterparts.** This Agreement may be executed in counterparts.

24. **Facsimile or Email Signatures.** This Agreement may be deemed executed by the delivery of signatures of the Parties by facsimile transmission or electronic mail.

25. **Effective Date.** This Agreement shall be effective on the date last set forth beside the signatures below.

IN WITNESS THEREOF, the Parties hereto have executed this Agreement as of the date specified.

PLAINTIFFS:

DATED: 4/28/2020, 2019        _MINGQUAN LIN_
MINGQUAN LIN

DATED: 4/27/2020, 2019        _Baojun He_
BAOJUN HE

DATED: 4/27/2020, 2019        _Bing He_
BING HE

DATED: 4/28/2020, 2019        _Mengyun Tang_
MENGYUN TANG

DATED: 4/27/2020, 2019        _Xue Yan Xu_
XUEYAN XU

[signatures continued on following page]

SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE            Page 6 of 7

DEFENDANTS:

DATED: _____, 2019     UNITED VENTURE REGIONAL CENTER, LLC,
                                  a California limited liability company

                                  By: _____ 3/12/2020
                                      Name: Joe Wu
                                      Title: Manager

DATED: _____, 2019     BREVIA INN AND RESTAURANT, LLC,
                                  a California limited liability company

                                  By: _____ 3/13/2020
                                      Name: Joe Wu
                                      Title: Manager

DATED: _____, 2019     _____ 3/12/2020
                                  JOE WU

DATED: 3/12/2020, 2019            _____ 3/13/2020
                                  GLORIA MEI WU

APPROVED AS TO FORM:

                                  KROLOFF, BELCHER, SMART,
                                  PERRY, & CHRISTOPHERSON

DATED: 3/12/2020, 2019            By: _____
                                      ALLISON CHERRY LAFFERTY
                                      Counsel for Defendants UNITED
                                      VENTURE REGIONAL CENTER LLC,
                                      BREVIA INN AND RESTAURANT, LLC,
                                      JOE WU and GLORIA MEI WU


                                  LAW OFFICES OF DURHAM & NG

DATED: 4/28/2020, 2019            By: _____
                                      NED B. NG
                                      Counsel for Plaintiffs MINGQUAN LIN,
                                      BAOJUN HE, BING HE, MENGYUN
                                      TANG, and XUEYAN XU

G:\TMDocs\JOE TAI-CHANG WU\LIN V. UNITED VENTURE, WU\MED\Settlement Agreement and Mutual General Release_200312_1214.docx

SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE          Page 7 of 7